UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVITO HOLMES,

    Plaintiff,

v.

SIDNEY BARTHWELL,
RONALD L. HAYWOOD,
AMY SLAMEKA, and A. SMITH,

    Defendants.

Case No. 12-15508

Honorable David M. Lawson
Magistrate Judge Laurie J. Michelson

_____/

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS
DEFENDANT 36TH DISTRICT COURT MAGISTRATE
SIDNEY BARTHWELL, JR. [3, 6]**

In 2010, the State of Michigan twice filed charges against Plaintiff Lavito Holmes ("Plaintiff") for his alleged involvement with a marijuana growing operation in a home in Detroit, Michigan. One of the cases involved weapon and drug charges and the other charged public utility fraud. Plaintiff contends that, other than two pieces of junk mail addressed to him, there was no evidence connecting him to the home used to grow marijuana and thus, he "was unlawfully charged, incarcerated, [and] maliciously prosecuted" in violation of his constitutional rights. (Dkt. 1, Compl. at Pg ID 5.) As a result, Plaintiff brought this *pro se* lawsuit alleging civil rights, criminal, and state law claims against 36th District Court Magistrate Sidney Barthwell ("Barthwell"), two Wayne County Prosecuting Attorneys who handled Plaintiff's state criminal cases, and a police officer who arrested Plaintiff. Plaintiff's Complaint makes only one specific reference to Barthwell. Plaintiff alleges that, "[t]he total situation occurred by the false signing of a warrant by Judge Sidney Barthwell." (Compl. at Pg ID 3.)

All pretrial matters have been referred to this Court. (Dkt. 2.) Presently before the Court

is Magistrate Barthwell's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 2.) Barthwell claims that he is entitled to judicial immunity. (*Id*.) Having carefully reviewed the relevant pleadings and briefing, the Court agrees with Magistrate Barthwell that Plaintiff's claims are precluded by the doctrine of judicial immunity. (Dkt. 2, Mot. to Dismiss.)[1] Accordingly, this Court RECOMMENDS that Magistrate Barthwell's motion to dismiss be GRANTED.

## I. BACKGROUND

While the specific allegations in Plaintiff's Complaint are not entirely clear (Dkt. 1, Compl. at Pg ID 1 - Pg ID 11), Plaintiff attaches numerous documents that provide additional factual detail. These include search warrant materials pertaining to the search of the home allegedly used to grow marijuana, charging documents and docket entries from the underlying criminal cases, and the transcript of Plaintiff's preliminary examination in 36th District Court on the weapons and drug charges. (*Id*.) From these materials, the Court believes that Plaintiff is alleging the following:

On May 20, 2010, Detroit Police Department officers executed a search warrant at 5806 and 5808 Nottingham in Detroit, Michigan. (Compl. at Pg ID 42-53.) The officers discovered a large marijuana grow operation. (*Id*.) They also discovered that the premises had illegal power and contacted Detroit Edison ("DTE"). (*Id*. at Pg ID 42, 50.) During the search, officers recovered two pieces of mail addressed to Plaintiff at the Nottingham address. (*Id*. at Pg ID 46-47, 53.)

On June 4, 2010, Plaintiff was charged in 36th District Court with public utility fraud and an arrest warrant was issued. (Compl. at Pg ID 3, 30-36.) The docket sheets (Register of Actions)

---

[1] On February 6, 2013, Plaintiff filed a document entitled "Motion in Opposition to Dismiss Plaintiff's Complaint Pursuant FRCP 12(b)(6)." (Dkt. 6.) The Court is treating this filing as Plaintiff's Response to Magistrate Barthwell's motion to dismiss.

indicate that Defendant Barthwell was the initial Judge of Record but that another judge signed the arrest warrant. (*Id*. at Pg ID 30.) On October 23, 2010, Plaintiff was charged in a separate case with delivery/manufacture of marijuana and unlawful possession of a firearm in connection with the marijuana grow operation. (*Id*. at Pg ID 3, 28-29, 40-41.) The docket sheets in that case reflect that Defendant Barthwell was again the Judge of Record and that he signed a warrant for Plaintiff's arrest on October 24, 2010. (*Id*. at Pg ID 29.)

Plaintiff was subsequently involved in a hit and run accident on November 10, 2012. (Compl. at Pg ID 1.) Police officers were called to the scene and checked Plaintiff's information. (*Id*.) Defendant Smith discovered the outstanding arrest warrants from the 36th District Court and arrested Plaintiff. (Compl. at Pg ID 1, 14) On that date, Plaintiff was arraigned in the two underlying criminal matters. (*Id*. at Pg ID 28, 37.) He had his preliminary examination (and was ultimately bound over) in the drug and weapons case on December 4, 2012. (*Id*. at Pg ID 66-102.) Plaintiff argued there was a lack of probable cause to bind him over because he was not found at the Nottingham address and the two pieces of mail found in the premises were insufficient to link him to the marijuana grow operation. (*Id*.) Plaintiff alleges:

> At no time has [he] ever resided at the property located at 5806 or 5808 Nottingham Rd. Detroit, Michigan 48224. [He] has never had utilities on at the two mentioned addresses. [He] only had mail sent to the address of 5808 Nottingham commencing in 2009, due to a fire located at 4488 Winifred St. Wayne, Michigan. The date of the fire was April 7, 2008 [i]n which Holmes was staying at the Residence Inn and Holiday Inn, hotels . . . . For these reasons the mail was forwarded to 5808 Nottingham Rd. Detroit, Michigan 48224. The temporary transfer was terminated in twelve months by the United States Postal service. *See Exhibit B*. The mail was terminated April 2009. Holmes opened a P.O. Box the month of May 2010. *See Exhibit C*. Holmes signed a lease agreement on or about February 14, 2009, and moved in the property located at 35083 Glover St. Wayne, Michigan 48184. *See Exhibit D* in which the register of

> actions state that the offense took place July 23, 2008. On this date
> Holmes was living at 4488 Winifred St. Wayne, Michigan 48184.

(Compl. at Pg ID 3.) Plaintiff further alleges that "[t]he total situation occurred by the false signing of a warrant by Judge Sidney Barthwell." (*Id.*)[2] As a result, Plaintiff seeks $7.5M in monetary damages against Magistrate Barthwell, the arresting officer, and the state prosecutors involved in the underlying criminal cases pursuant to the following causes of action: 42 U.S.C. §§ 1983 (deprivation of constitutional rights) and 1985 (conspiracy); malicious abuse of prosecution; 18 U.S.C. §§ 241 and 242 (criminal conspiracy); intentional infliction of emotional distress; and mail and wire fraud. (Compl. at Pg ID 5, 10.)

## II.     ANALYSIS

### A.     Standard of Review

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the Rule 12(b)(6) standard requires that a plaintiff provide "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Bare allegations without a factual context do not create a plausible claim. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 374 (6th Cir. 2011). A

---

[2] In support of this allegation, Plaintiff cites the transcript of the preliminary examination before 36th District Court Judge Lydia C. Nance-Adams. He does not include the arrest warrant in the 100 pages of attachments to the Complaint.

complaint must "contain[] direct or inferential allegations respecting all the material elements under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Moreover, "the availability of absolute judicial immunity in the context of Rule 12(b)(6) motion to dismiss presents a question of law" and Magistrate Barthwell bears the burden of establishing that such immunity is warranted. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

  **B.** **Barthwell's Conduct is Protected by Absolute Judicial Immunity**

In essence, Plaintiff seeks money damages based on his contention that Magistrate Barthwell issued an arrest warrant that was not supported by probable cause. (Compl. at Pg ID 3-4.)

As a general rule, however, judges are immune from suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994) (holding that a judge performing his judicial functions is entitled to immunity from a suit seeking monetary damages.). The Supreme Court has specifically held that state judges are absolutely immune from § 1983 suits arising out of their performance of judicial functions. *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Thus, "[i]t is clear that judges in courts of limited jurisdiction (such as Michigan district judges) are entitled to the protection of the immunity doctrine." *Hewett v. City of Grand Rapids*, No. 12-998, 2012 U.S. Dist. LEXIS 159787, at *9 (W.D. Mich. Oct. 15, 2012) (citing *White v. Gerbitz*, 892 F.2d 457, 462 (6th Cir. 1989)), *report & rec. adopted by* 2012 U.S. Dist. LEXIS 158755 (W.D. Mich. Nov. 6, 2012). The same holds for state magistrates. *Krajicek v. Justin*, No. 98-1249, 1999 U.S. App. LEXIS 5383 (6th Cir. Mar. 23, 1999); *Sawchyn v. Dunning*, No. 97-3627, 1998 U.S. App. LEXIS 5976 (6th Cir. Mar. 20, 1998); *see also Foster v. Mulkey*, No, 10-12618, 2010 U.S. Dist. LEXIS 92562, at *4 (E.D. Mich. July 13, 2010) ("'State court magistrates are clearly judicial officers entitled to the protections of judicial

immunity.'" (citation omitted)). This far-reaching protection "is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'" *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993)). As such, judicial immunity applies even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

There are only two exceptions to judicial immunity: a judge is not immune from suits for acts that are (1) not judicial in nature or (2) performed without jurisdiction. *Mireles*, 502 U.S. at 11-12; *Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012). Plaintiff's allegations fail to implicate either of these exceptions.

First, an act is judicial in nature when "it is a function normally performed by a judge" and the parties "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir. 1997). "It is well-settled in this Circuit that the issuance of an arrest warrant is a judicial act for judicial immunity purposes." *DePiero v. City of Macedonia*, 180 F.3d 770 (table), 1999 U.S. App. LEXIS 13736 (6th Cir. 1999); *see also Tunis*, 113 F.3d at 1441-42 (ruling that, in light of Sixth Circuit and Supreme Court precedent, "the judicial nature of the act of issuing an arrest warrant cannot seriously be challenged"); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (concluding that the issuance of an arrest warrant for plaintiff's arrest was a "truly judicial act."); *Nelson v. Gabriel*, No. 12-661, 2012 U.S. Dist LEXIS 142705, at *6 (W.D. Mich. Oct. 3, 2012) ("There is no doubt that issuing a warrant is a judicial act"); *Jones v. Robinson*, No. 12-12541, 2012 U.S. Dist. LEXIS 113652 (E.D. Mich. Aug. 13, 2012) (dismissing § 1983 claims against several 36th District and Magistrate Judges where plaintiff alleged

that they acted improperly in issuing arrest warrants, binding plaintiff over for trial, permitting invalid criminal charges to proceed and/or permitting prosecutors to proceed with fraudulent charges). Even assuming, for the purpose of argument, that Magistrate Barthwell's issuance of Plaintiff's arrest warrant was unjustified or erroneous, the act was no less judicial. *See Brookings*, 389 F.3d at 617; *see also Stump*, 435 U.S. at 356-57 (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority'). Accordingly, the first exception to judicial immunity does not apply.

The second exception is likewise inapplicable. For the exception to apply, a judge must have acted "in the clear absence of all jurisdiction," as opposed to merely "in excess of authority." *Tunis,* 113 F.3d at 1441. "A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997). Here, state district court magistrates have clear authority under Michigan law to issue arrest warrants. Mich. Comp. Laws § 600.8511(e) ("[a] district court magistrate shall have the following jurisdiction and duties[:] . . . to issue warrants for the arrest of a person upon the written authorization of the prosecuting or municipal attorney.").

In the absence of an applicable exception, Barthwell is entitled to absolute judicial immunity from Plaintiff's suit seeking monetary relief.

In addition to the judicial immunity bar, Plaintiff's Complaint fails to state a viable federal cause of action. As the Sixth Circuit ruled in a similar case:

> The dismissal of [plaintiff's] claim under § 1985(3) was also proper because she did not show that the defendants were motivated by gender bias or some other class-based, invidiously discriminatory animus. *See Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996), *cert. denied*, 519 U.S. 1114, 136 L. Ed. 2d 842, 117 S. Ct. 956 (1997). Moreover, the district court properly dismissed the criminal

> conspiracy claims that [plaintiff] raised under 18 U.S.C. §§ 241-242, as these statutes do not provide a basis for civil liability. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam).

*Krajicek v. Justin*, No. 98-1249, 1999 U.S. App. LEXIS 5383, at *4 (6th Cir. Mar. 23, 1999); *see also United States v. Oguaju,* 76 F. App'x. 579, 581 (6th Cir. 2003) (plaintiff's claims pursuant to 18 U.S.C. § 241 or 242 were properly dismissed because plaintiff "has no private right of action under either of these criminal statutes."). Plaintiff also has no private right of action for his mail fraud and wire fraud claims. *See Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (no private cause of action lies for alleged violations of federal criminal mail and wire fraud statutes); *Deasy v. Louisville & Jefferson County Metro. Sewer Dist.*, 47 F. App'x. 726, 728 (6th Cir. 2002) ("Mail fraud is a criminal offense for which there is no private right of action.").

### III. CONCLUSION AND RECOMMENDATION

The doctrine of absolute judicial immunity precludes Plaintiff's claims for monetary damages against Judge Barthwell. Thus, this Court RECOMMENDS that Judge Barthwell's motion to dismiss (Dkt. 3) be GRANTED and Plaintiff's claims against him be dismissed with prejudice.

### IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal

quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

S/Laurie J. Michelson<br>
Laurie J. Michelson<br>
United States Magistrate Judge

Dated: February 20, 2013

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on February 20, 2013.

s/J. Johnson<br>
Case Manager to<br>
Magistrate Judge Laurie J. Michelson