UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVITO HOLMES,

    Plaintiff,

v.

SIDNEY BARTHWELL,
RONALD L. HAYWOOD,
AMY SLAMEKA, and A. SMITH,

    Defendants.
_____/

Case No. 12-15508

Honorable David M. Lawson
Magistrate Judge Laurie J. Michelson

**REPORT AND RECOMMENDATION ON (1) DEFENDANTS RONALD L. HAYWOOD AND AMY SLAMEKA'S MOTION TO DISMISS [11] AND (2) PLAINTIFF'S MOTIONS FOR JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGMENT [8, 9]**

In 2010, *pro se* plaintiff Lavito Holmes ("Plaintiff") was charged in two state criminal cases arising out of his alleged involvement with a marijuana growing operation in a home in Detroit, Michigan. One of the cases involved weapon and drug charges and the other charged public utility fraud. Plaintiff contends that other than two pieces of junk mail addressed to him, there was no evidence connecting him to the home where the marijuana was being grown and thus, he "was unlawfully charged, incarcerated, [and] maliciously prosecuted" in violation of his constitutional rights. (Dkt. 1, Compl. at Pg ID 5.) As a result, Plaintiff brought this lawsuit alleging civil rights, criminal, and state law claims against 36th District Court Magistrate Sidney Barthwell ("Barthwell"), two Assistant Wayne County Prosecuting Attorneys who handled Plaintiff's state criminal cases, and the police officer who arrested Plaintiff. Magistrate Barthwell has been dismissed from this case. Officer Smith has yet to be served. And prosecutors Haywood and Slameka, asserting prosecutorial immunity, have now moved to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 11, Mot. to

Dismiss.)

All pretrial matters have been referred to this Court. (Dkt. 2.) Having carefully reviewed the relevant pleadings and briefing, the Court agrees with Haywood and Slameka that Plaintiff's claims against them are precluded by prosecutorial immunity. (Dkt. 11, Mot. to Dismiss.) Accordingly, this Court RECOMMENDS that Haywood and Slameka's motion to dismiss be GRANTED.

## I.     BACKGROUND

The following is taken from this Court's Report and Recommendation on Magistrate Barthwell's motion to dismiss. (*See* Dkt. 7, February 20, 2013 Report and Recommendation.)

On May 20, 2010, Detroit Police Department officers executed a search warrant at the premises comprising 5806 and 5808 Nottingham in Detroit, Michigan. (Compl. at Pg ID 42-53.) The officers discovered a large marijuana grow operation. (*Id*.) They also discovered that the premises had illegal power and contacted Detroit Edison ("DTE"). (*Id*. at Pg ID 42, 50.) During the search, officers recovered a bank statement for a Carlos Evans and two pieces of mail addressed to Plaintiff at the Nottingham address. (*Id*. at Pg ID 46-47, 53.) On June 4, 2010, Plaintiff was charged in 36th District Court with public utility fraud and an arrest warrant was issued. (Compl. at Pg ID 3, 30-36.) The docket sheets (Register of Actions) indicate that this case was being prosecuted by Defendant Slameka. (*Id*. at Pg ID30.) On October 23, 2010, Plaintiff was charged in a separate case with delivery/manufacture of marijuana and unlawful possession of a firearm in connection with the marijuana grow operation. (*Id*. at Pg ID 3, 28-29, 40-41.) The docket sheets in that case reflect that it was being prosecuted by Defendant Haywood. (*Id*. at Pg ID 29.)

Plaintiff alleges that he was involved in a hit and run car accident on November 10, 2012.

2

(Compl. at Pg ID 1.) Police officers were called to the scene and checked Plaintiff's information. (*Id*.) It appears that Plaintiff was then arrested by Defendant Smith as a result of the outstanding arrest warrants from the 36th District Court. (*Id*. at Pg ID 1, 14) On that same day—November 10, 2012—Plaintiff was arraigned in the two underlying criminal matters. (*Id*. at Pg ID 28, 37.) He had his preliminary examination (and was ultimately bound over) in the drug and weapons case on December 4, 2012. (*Id*. at Pg ID 66-102.) Plaintiff argued there was a lack of probable cause to bind him over because he was not found at the Nottingham address and the two pieces of mail found in the premises that were offered as proof of residence, were insufficient to link him to the marijuana grow operation. (*Id*.) Plaintiff alleges:

> At no time has [he] ever resided at the property located at 5806 or 5808 Nottingham Rd. Detroit, Michigan 48224. [He] has never had utilities on at the two mentioned addresses. [He] only had mail sent to the address of 5808 Nottingham commencing in 2009, due to a fire located at 4488 Winifred St. Wayne, Michigan. The date of the fire was April 7, 2008 [i]n which Holmes was staying at the Residence Inn and Holiday Inn, hotels . . . . For these reasons the mail was forwarded to 5808 Nottingham Rd. Detroit, Michigan 48224. The temporary transfer was terminated in twelve months by the United States Postal service. *See Exhibit B*. The mail was terminated April 2009. Holmes opened a P.O. Box the month of May 2010. *See Exhibit C*. Holmes signed a lease agreement on or about February 14, 2009, and moved in the property located at 35083 Glover St. Wayne, Michigan 48184. *See Exhibit D* in which the register of actions state that the offense took place July 23, 2008. On this date Holmes was living at 4488 Winifred St. Wayne, Michigan 48184.

(Compl. at Pg ID 3.) As a result of the alleged unlawful prosecutions, Plaintiff seeks $7.5M in monetary damages against the Defendant prosecutors involved in the underlying criminal cases pursuant to the following causes of action: 42 U.S.C. §§ 1983 (deprivation of constitutional rights) and 1985 (conspiracy); malicious abuse of prosecution; 18 U.S.C. §§ 241 and 242 (criminal conspiracy); intentional infliction of emotional distress; and mail and wire fraud. (Compl. at Pg ID

5, 10.)

## II. ANALYSIS

### A. Standard of Review

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the Rule 12(b)(6) standard requires that a plaintiff provide "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Bare allegations without a factual context do not create a plausible claim. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 374 (6th Cir. 2011). A complaint must "contain[] direct or inferential allegations respecting all the material elements under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Moreover, where a motion to dismiss raises the defense of absolute immunity, "[t]he burden is on the official seeking protection to prove that absolute immunity is justified." *Spurlock v. Thompson*, 330 F.3d 791, 796 (6th Cir. 2003).

### B. Plaintiff's Complaint Fails to State A Claim Against The Prosecutors

As a threshold matter, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Indeed, "Where a complaint alleges no specific act or conduct on the part of the defendant and the

complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed , even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). The Sixth Circuit law is in accord:

> Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, 238 F.3d 421 [published in full-text format at 2000 U.S. App. LEXIS 30782], 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, 904 F.2d 708, 1990 WL 82722, at *1 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.") . . . .

*Cameron v. Howes*, No. 10-539, 2010 U.S. Dist. LEXIS 102122, at *17-18 (W.D. Mich. Sept. 28, 2012).

In order to state a claim under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff's allegations do not describe any individual actions by Haywood and Slameka, and for that reason alone, the Complaint should be dismissed.

The Court, however, is able to discern from the documents attached to the Complaint that Haywood and Slameka prosecuted the state criminal cases against Plaintiff. The Complaint also makes general references to Plaintiff being unlawfully charged and maliciously prosecuted. The Court therefore infers that Plaintiff alleges that Defendants Haywood and Slameka unlawfully

charged and maliciously prosecuted him. But Defendants are immune from such claims.

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. *Buckley*, 509 U.S. at 273; *see also Ireland*, 113 F.3d at 1444-45. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947. Moreover, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1138-39 (6th Cir. 1989). Therefore, no matter their intent, Defendants Haywood and Slameka, by virtue of their role as prosecutors, are entitled to absolute immunity for charging and prosecuting Plaintiff on the drug and fraud charges. *See Jackson v. Siringas*, No. 12-15474, 2013 U.S. Dist. LEXIS 102582, at *13 (E.D. Mich. July 23, 2013) (Lawson, J.) ("The claims relating to the plaintiff's pending criminal prosecution focus entirely on the prosecutorial . . . roles of the state prosecutors . . . . Those individuals, therefore, are immune from suit."); *Griffin v. Sturtz*, No. 12-13400, 2012 U.S. Dist. LEXIS 122945, at *9 (E.D. Mich. Aug. 29, 2012) (Lawson, J.) ("The complaint in this case, such as it is, appears to focus on the prosecutorial . . . roles of the state

prosecutor . . . [That] individual[], therefore, [is] immune from suit.").[1]

In addition to the prosecutorial immunity bar, Plaintiff's Complaint fails to state a viable federal cause of action. As the Sixth Circuit ruled in a similar case:

> The dismissal of [plaintiff's] claim under § 1985(3) was also proper because she did not show that the defendants were motivated by gender bias or some other class-based, invidiously discriminatory animus. *See Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996), *cert. denied*, 519 U.S. 1114, 136 L. Ed. 2d 842, 117 S. Ct. 956 (1997). Moreover, the district court properly dismissed the criminal conspiracy claims that [plaintiff] raised under 18 U.S.C. §§ 241-242, as these statutes do not provide a basis for civil liability. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam).

*Krajicek v. Justin*, No. 98-1249, 1999 U.S. App. LEXIS 5383, at *4 (6th Cir. Mar. 23, 1999); *see also United States v. Oguaju,* 76 F. App'x. 579, 581 (6th Cir. 2003) (plaintiff's claims pursuant to 18 U.S.C. § 241 or 242 were properly dismissed because plaintiff "has no private right of action under either of these criminal statutes"). Plaintiff also has no private right of action for his mail fraud and wire fraud claims. *See Morganroth & Morganroth v. DeLorean,* 123 F.3d 374, 386 (6th Cir. 1997) (no private cause of action lies for alleged violations of federal criminal mail and wire

---

[1] The Court further notes that the Sixth Circuit has determined that in order to succeed on a malicious prosecution claim when premised on a violation of the Fourth Amendment, a plaintiff must show: (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding must have been resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010). The attachments to Plaintiff's Complaint make clear that, after the preliminary examination in the drug case, the state court found probable cause to bind Plaintiff over (Dkt. 1 at Pg ID 101-102) and he was also bound over on the fraud charges after waiving the preliminary exam (Dkt. 1 at Pg ID 34). Equally fatal to a malicious prosecution claim, Plaintiff's Complaint contains no allegations that the criminal cases were resolved in his favor.

fraud statutes); *Deasy v. Louisville & Jefferson County Metro. Sewer Dist.*, 47 F. App'x. 726, 728 (6th Cir. 2002) ("Mail fraud is a criminal offense for which there is no private right of action.").

## III.  PLAINTIFF'S DISPOSITIVE MOTIONS

Plaintiff has filed his own Motion for Judgment on the Pleadings (Dkt. 8) as well as a Motion for Summary Judgment (Dkt. 9).  The prior ruling on Defendant Barthwell's motion to dismiss and the present recommendation on Defendant Haywood and Slameka's motion to dismiss preclude Plaintiff's requested relief.  In addition, Plaintiff's motions simply recite legal standards.  (*Id*.)  They contain no analysis of Plaintiff's claims.  (*Id*.)  In the motion for judgment on the pleadings, Plaintiff simply asserts that "Defendant responds in an unintelligible manner to the complaint. In which Holmes has provided evidence that can't be disputed by the Defendant."  (Dkt. 8 at 1.)  The Court assumes the reference to "Defendant" is Magistrate Barthwell, as he was the only Defendant who had filed a responsive pleading at the time Plaintiff filed his motion.  The Court, however, has dismissed the claims against Magistrate Barthwell as a matter of law.  (Dkt. 10.)

The summary judgment motion fares no better.  Plaintiff simply contends that "Defendant's have admitted to the crime in the certified documents presented to the court."  (Dkt. 9 at 1.)  In no way does this satisfy the requirements of Federal Rule of Civil Procedure 56.

In short, even taking into account the liberal construction accorded a pro se plaintiff, there is no basis for Plaintiff's request for either a judgment on the pleadings or summary judgment.

## IV.  CONCLUSION AND RECOMMENDATION

The doctrine of absolute prosecutorial immunity precludes Plaintiff's claims for monetary damages against prosecutors Haywood and Slameka.  Thus, this Court RECOMMENDS that Haywood and Slameka's motion to dismiss (Dkt. 11) be GRANTED and Plaintiff's claims against

them be DISMISSED WITH PREJUDICE. The Court further RECOMMENDS that Plaintiff's motion for judgment on the pleadings (Dkt. 8) and motion for summary judgment (Dkt. 9) be DENIED.

## V. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. See E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. See E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES MAGISTRATE JUDGE

Dated: July 26, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 26, 2013.

                                          s/Jane Johnson
                                          Deputy Clerk