UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVITO HOLMES,

    Plaintiff,                                  Case No. 12-15508

v.

                                             Honorable David M. Lawson
                                             Magistrate Judge Laurie J. Michelson

SIDNEY BARTHWELL,
RONALD L. HAYWOOD,
AMY SLAMEKA, and A. SMITH,

    Defendants.

_____/

**REPORT AND RECOMMENDATION TO DISMISS**
**DEFENDANT SMITH FOR FAILURE TO SERVE**

**I.    REPORT**

In 2010, *pro se* plaintiff Lavito Holmes ("Plaintiff") was charged in two state criminal cases arising out of his alleged involvement with a marijuana growing operation in a home in Detroit, Michigan. One of the cases involved weapon and drug charges and the other charged public utility fraud. Plaintiff contends that other than two pieces of junk mail addressed to him, there was no evidence connecting him to the home where the marijuana was being grown and thus, he "was unlawfully charged, incarcerated, [and] maliciously prosecuted" in violation of his constitutional rights. (Dkt. 1, Compl. at Pg ID 5.) As a result, Plaintiff brought this lawsuit on December 17, 2012 alleging civil rights, criminal, and state law claims against 36th District Court Magistrate Sidney Barthwell ("Barthwell"), Assistant Wayne County Prosecuting Attorneys Ronald Haywood ("Haywood") and Amy Slameka ("Slameka") who handled Plaintiff's state criminal cases, and police officer A. Smith ("Smith") who arrested Plaintiff.

All pretrial matters have been referred to this Court. (Dkt. 2.) Magistrate Barthwell has been

dismissed from the case. (Dkt. 10.) This Court recently recommended that Haywood and Slameka's Motion to Dismiss be granted based on prosecutorial immunity. (Dkt. 15.) Defendant A. Smith, however, has not yet appeared and there is nothing on the docket that suggests he has been served with the Summons and Complaint.

The Federal Rules of Civil Procedure provide that if a defendant is not served within 120 days after the complaint is filed, the Court must dismiss the action without prejudice on notice to the plaintiff or order that service be made within a specified period of time. Fed. R. Civ. P. 4(m). Accordingly, on July 25, 2013, this Court issued an Order for Plaintiff to show cause in writing, on or before August 9, 2013, why the Court should not recommend dismissal of the claims against A. Smith, without prejudice, for failure to serve this Defendant within the time set forth by Fed. R. Civ. P. 4(m). (Dkt. 14.) The Order further advised that a "timely, but unsatisfactory response, may also result in this Court recommending dismissal of this action." (*Id.*)

On the August 9, 2013 due date, Plaintiff filed a "Petition to Redress Grievances" that in substance appears to be objections to the Court's Report and Recommendation on Defendants' Haywood and Slameka's Motion to Dismiss. (Dkt. 16.) The filing, however, includes a signed and notarized affidavit from Plaintiff in which he states that Defendant Smith has been served. (*Id*, Ex. A, Affidavit of Truth, ¶ 3.) To the extent Plaintiff intends this filing to be his response to the July 25, 2013 Order to Show Cause it is inadequate to establish service of process. As expressly provided in Federal Rule of Civil Procedure 4(l), entitled Proving Service, "unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). There is no affidavit on the docket from a process server or anyone else qualified to serve Defendant Smith; Plaintiff's claim

that Smith has been properly served is therefore unsubstantiated. Additionally, Plaintiff is not proceeding *in forma pauperis* and thus, the United States Marshal Service was not directed to serve Smith.

## II. RECOMMENDATION

Accordingly, this Court RECOMMENDS that the claims against Defendant A. Smith be **DISMISSED WITHOUT PREJUDICE** for failure to serve this Defendant within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure.

## III. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. See E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. See E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

Date:   August 19, 2013                                         s/Laurie J. Michelson
                                                                                 Laurie J. Michelson
                                                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 19, 2013.

                                                                s/Jane Johnson
                                                                Deputy Clerk