UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVITO HOLMES,

                Plaintiff,                          Case Number 12-15508

v.                                              Honorable David M. Lawson

                                              Magistrate Judge Laurie J. Michelson

DONALD L. HAYWOOD and
AMY SLAMEKA,

                Defendants.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY
JUDGMENT, AND DISMISSING COMPLAINT**

Plaintiff Lavito Holmes, a Michigan prisoner, filed a *pro se* complaint against a Michigan

state court magistrate, a Detroit police officer, and two Wayne County, Michigan assistant

prosecutors alleging violations of the Constitution and federal law.  The Court previously dismissed

the claims against Magistrate Sidney Barthwell on the ground of absolute judicial immunity and

dismissed the claims against Officer A. Smith because the plaintiff failed to complete service on that

defendant.  The Court referred the case to Magistrate Judge Laurie J. Michelson for all pretrial

matters.  On July 26, 2013, Judge Michelson filed a report recommending that the Court grant the

defendants' motion for summary judgment, deny the plaintiff's motion for judgment on the pleadings

and motion for summary judgment, and dismiss the complaint on the ground that the remaining two

defendants have absolute prosecutorial immunity against the plaintiff's claims based on allegedly

unlawful acts carried out in the course of prosecuting criminal charges against the plaintiff.  The

plaintiff filed timely objections to the report, and this matter is now before the Court for fresh review.

The magistrate judge set forth the underlying facts of the case in detail in her most recent report and the previous report. The plaintiff alleges that the defendants — two Wayne County, Michigan assistant prosecutors — violated his rights under the Fourth and Fourteenth Amendments by prosecuting him without probable cause on criminal charges of maintaining a drug house and utility fraud. He contends that there was no evidence connecting him to the premises where police found an illegal electrical utility connection and a large quantity of marijuana growing. The plaintiff seeks $7.5 million in damages as a consequence of the allegedly unlawful prosecutions.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may

have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the pleadings, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the record in light of the plaintiff's submissions.

In her report, the magistrate judge recommended that the complaint be dismissed because, as prosecutors, the remaining defendants have absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a criminal prosecution and . . . presenting the State's case." *Imbler v. Pachtmann*, 424 U.S. 409, 430 (1976). "Acts taken to prepare for the initiation of judicial proceedings or to prepare for trial[] are protected by absolute immunity." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000).

The plaintiff's response to the report largely restates the allegations of the complaint. But in his one substantive objection directed to the magistrate judge's report, the plaintiff contends that absolute prosecutorial immunity does not bar his claims, because the defendants exceeded the scope of their authority or acted outside the boundaries of their prosecutorial duties. As the magistrate judge noted, the complaint does not clearly set forth any specific factual allegations regarding defendants Ronald Haywood and Amy Slameka. Generously construed, it suggests at most that defendants Haywood and Slameka did nothing more than file criminal charges and represent the state in criminal proceedings against the plaintiff, which resulted in his conviction. The plaintiff cites numerous state cases in his objections, but none supports the novel proposition that filing and litigating charges against a criminal defendant is "outside the charter" of the office of a state prosecutor. The filing of a criminal complaint and representing the state in criminal proceedings against a defendant plainly are acts that are "intimately associated with the judicial process" and

therefore shielded by absolute immunity.  The plaintiff's objections are without merit and therefore will be overruled.

After a fresh review of the pleadings and the materials submitted by the parties, the Court finds that the magistrate judge properly concluded that the complaint must be dismissed and the plaintiff's motions for affirmative relief must be denied.  The Court therefore will adopt the report and recommendation.  The Court has considered the plaintiff's objections to the magistrate judge's report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #15] is **ADOPTED**.  The plaintiff's objections [dkt. #20] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt. #11] is **GRANTED**.  The plaintiff's motion for judgment on the pleadings [dkt. #8] and motion for summary judgment [dkt. #9] are **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated:  March 12, 2014

> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 12, 2014.
>
>                         s/Shawntel Jackson
>                         SHAWNTEL JACKSON